UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~
JOHN C. WOODMAN, Individually and As
Administrator of the Estate of MARGARET E.
WOODMAN a/k/a MARGARET ELLEN
WOODMAN,

                         Plaintiff,

    -against-                                     08-CV-0284

RICHARD LAFOND and PAPINEAU INT., S.E.C.,

                         Defendants.

~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~

DAVID N. HURD
United States District Judge

## DECISION and ORDER

Plaintiff John C. Woodman, Individually and as Administrator of the Estate of Margaret E. Woodman a/k/a Margaret Ellen Woodman, has moved with an affidavit sworn to the 2nd day of February, 2009 with accompanying exhibits, to permit him to compromise and settle for the sum of Six Hundred Twenty Five Thousand ($625,000.00) Dollars the causes of action against defendants for the wrongful death and conscious pain and suffering of the decedent; to discharge and release said defendants from all suits and claims upon payment of the proposed settlement sum; to transfer all matters concerning the allocation and distribution of the net proceeds of the settlement to the Schoharie County Surrogate's Court; to modify and make whole the Letters Testamentary to permit said compromise; to dispense with the filing of a bond; and to pay Martin, Harding & Mazzotti, LLP their fee for legal services and expenses.  The affidavit of Victor L. Mazzotti,

Esq. of the firm Martin, Harding & Mazzotti, LLP, attorneys for the Plaintiff, sworn to on the 3rd day of February, 2009 with accompanying exhibits has been submitted.

After due deliberation, acceptance of the settlement proposal would be in the best interest of the plaintiff, John C. Woodman, Individually and as Administrator of the Estate of Margaret E. Woodman a/k/a Margaret Ellen Woodman.

Therefore it is **ORDERED** that:

1. In accordance with the Letters Testamentary previously issued by the Schoharie County Surrogate's Court, the plaintiff, as Administrator of the decedent's estate, is permitted to compromise and settle all claims against the defendants arising out of the death of Margaret E. Woodman a/k/a Margaret Ellen Woodman for the sum of Six Hundred Twenty-Five Thousand and 00/100 ($625,000.00) Dollars as hereinafter provided;

2. The filing of a bond or other security by the plaintiff, as Administrator of the decedent's estate, is dispensed with;

3. The Plaintiff, Individually and as Administrator of the decedent's estate, is authorized to compromise and settle with defendants the claims for the wrongful death and conscious pain and suffering by the decedent in the sum of $625,000.00;

4. Plaintiff, Individually and as Administrator of the decedent's estate, is authorized to enter into a General Release releasing the defendants and the defendants' officers, servants agents and/or employees, together with any other papers or stipulations required to settle and discontinue this action,

5. Upon receipt of release documents defendants shall pay the sum of $625,000.00 in full settlement of the claims herein; within ten (10) days in the following manner:

(a) A check or money order in the sum of $412,558.95 payable to "John C. Woodman as Administrator of the Estate of Margaret E. Woodman a/k/a Margaret Ellen Woodman" and deposited in the Estate escrow account and allocated and distributed in accordance with the determination of the New York State Surrogate's Court;

(b) A check or money order in the sum of $212,441.05 payable to "John C. Woodman as Administrator of the Estate of Margaret E. Woodman a/k/a Margaret Ellen Woodman and Martin, Harding and Mazzotti LLP" in full payment of attorneys' fees ($206,279.48) and expenses ($6,161.57);

6. Upon making payments as aforesaid, the defendants are discharged from any and all further liability as to all matters and things embraced in this wrongful death settlement proceeding and as determined by this Order and all claims by the plaintiff, Individually and as Administrator of the decedent's estate and its beneficiaries are ended, and defendants are released from any liability.

The Clerk is directed to enter judgment dismissing the complaint on the basis of the above settlement. Jurisdiction is retained for the limited purpose of enforcing the above settlement, if necessary.

_____
United States District Judge

Dated: February 23, 2009
Utica, New York